1  **BOUTIN JONES INC.**
Michael E. Chase, SBN 214506
2  Bashar S. Ahmad, SBN 258619
555 Capitol Mall, Suite 1500
3  Sacramento, CA 95814-4603
Telephone: (916) 321-4444
4  Facsimile: (916) 441-7597

5  Attorneys for Defendant, Counter-Claimant and Plaintiff Paul Francois

6  **MILLSTONE PETERSON & WATTS, LLP**
GLENN W. PETERSON, ESQ. (SBN 126173)
7  2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
8  Telephone No: (916) 780-8222
9  Fax No: (916) 780-8775

10  Attorneys for Plaintiff and Counter-Defendant The Plane Exchange, Inc. and Defendant Craig Vincent

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PLANE EXCHANGE, INC. | Case No. 2:14-CV-00784-WBS-KJN |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT** |
| vs. | |
| PAUL FRANCOIS, a natural person | |
| Defendant. | |
| PAUL FRANCOIS, | |
| Counter-claimant, | |
| vs. | |
| THE PLANE EXCHANGE, INC., a California corporation | |
| Counter-defendant. | |



|   |   |
|---|---|
| PAUL FRANCOIS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| CRAIG VINCENT | ) |
|  | ) |
| Defendant. | ) |

Plaintiff and Counter-Defendant The Plane Exchange, Inc. ("TPX"), Defendant Craig Vincent ("Vincent") and Defendant, Counter-Claimant and Plaintiff Paul Francois ("Francois"), parties to this consolidated action, by and through their undersigned counsel of record, hereby stipulate as follows and propose that the Court enter an order consistent with the terms present.

## RECITALS

**WHEREAS**, on January 22, 2016, TPX, Vincent and Francois reached a settlement of this consolidated action subject to entry of judgment as set forth in the settlement agreement executed by the parties.

**NOW, THEREFORE**, TPX, Vincent and Francois stipulate that the Court may enter an Order for entry of the judgment stipulated to by the parties, a true and correct copy of which is attached hereto as **Exhibit A**.

///

///

DATED: January 27, 2016                    BOUTIN JONES INC.

By:        /s/ *BASHAR AHMAD*
                  BASHAR AHMAD

Attorneys for Defendant, Counter-Claimant and Plaintiff Paul Francois

DATED: January 27, 2016         **MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*

By: _____/s/ *GLENN W. PETERSON*_____
      GLENN W. PETERSON

Attorneys for Plaintiff and Counter-Defendant The Plane Exchange, Inc. and Defendant Craig Vincent

## ORDER

**GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated: January 27, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3
STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT

# EXHIBIT A

1  **BOUTIN JONES INC.**
   Michael E. Chase, SBN 214506
2  Bashar S. Ahmad, SBN 258619
   555 Capitol Mall, Suite 1500
3  Sacramento, CA 95814-4603
   Telephone: (916) 321-4444
4  Facsimile: (916) 441-7597

5  Attorneys for Paul Francois

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PLANE EXCHANGE, INC., | Case No.: 2:14-cv-00784-WBS-KJN |
| Plaintiff, | **JUDGMENT** |
| vs. | |
| PAUL FRANCOIS, a natural person, | |
| Defendant. | Trial Date: March 15, 2016<br>Date Action Filed: March 26, 2014 |
| And Related Counterclaims | |
| PAUL FRANCOIS, | |
| Plaintiff, | Case No.: 2:14-cv-01517-WBS-KJN |
| vs. | |
| CRAIG VINCENT, | |
| Defendant. | |

JUDGMENT

761666.1

Pursuant to the agreement of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered against Plaintiff and Counterdefendant The Plane Exchange, Inc. ("TPX") and in favor of Defendant and Counterclaimant Paul Francois ("Francois") in the sum of $109,000.00. This amount shall be payable to Francois pursuant to the payment schedule set forth in paragraph 2 of the Settlement Agreement and Mutual General Release ("Agreement"), a copy of which is attached hereto as Exhibit A.

As long as TPX is not in default of the Agreement, including but not limited to its obligations under paragraphs 2 and 4 of the Agreement, Francois shall not collect on this Judgment. If and when TPX is in default of any provision of the Agreement, the entire amount of the Judgment is immediately due and payable and Francois may proceed to collect on the Judgment. Francois' other rights under the Agreement are preserved and Francois may proceed to enforce those rights as well.

**IT IS SO ORDERED**

Dated: _____      _____

Judge of United States District Court

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement") is made by and between Paul Francois ("Francois"), The Plane Exchange, Inc. ("TPX") and Craig Vincent ("Vincent") (each a "Party" and collectively, the "Parties").

### RECITALS

A.   On November 25, 2013, Francois purchased from TPX a 1968 Beechcraft Bonanza aircraft, serial no. D8800, United States Reg. No. N8466N ("Aircraft"), for $93,000.00.

B.   On March 26, 2014, TPX filed a lawsuit styled *The Plane Exchange, Inc. v. Paul Francois*, Case No. 2:14-cv-00784-WBS-KJN, in the United States District Court, Eastern District of California, seeking declaratory relief.

C.   On June 26, 2014, Francois filed his Answer to Complaint and Counterclaims against TPX asserting claims for breach of contract, fraud and deceit, intentional misrepresentation, negligent misrepresentation and violations of the California Consumer Legal Remedies Act.

D.   On July 18, 2014, Francois filed a complaint for damages against Vincent asserting claims for fraud and deceit, intentional misrepresentation and negligent misrepresentation. TPX's complaint, Francois' counterclaims and Francois' complaint against Vincent are referred to collectively herein as the "Lawsuit."

E.   Vincent filed a Chapter 13 Bankruptcy on November 26, 2014 ("Bankruptcy Action"). Francois sought and received relief from the automatic stay in the Bankruptcy Action, by which the Lawsuit was allowed to proceed against Vincent.

F.   The Parties desire to compromise, settle and resolve all the disputes between them without resort to further litigation, on the terms and conditions hereinafter set forth.

**NOW THEREFORE, THE PARTIES HERETO AGREE AS FOLLOWS:**

1.   <u>No Admission of Liability</u>.  This Agreement is a compromise and settlement of disputed claims and shall not be deemed an admission of liability by any party for any purpose.

2.   <u>Settlement Payment</u>.  In consideration of the releases set forth herein, TPX shall pay Francois the total amount of $109,000.00, payable in monthly installments in the amount of $3,200.00 per month for the first six months commencing on February 15, 2016, and continuing at the rate of $2,700.00 per month for the next thirty three (33) months commencing on August 15, 2016, and then one final payment in the amount of $700. TPX shall deliver to Francois the required monthly payment on or before the 15th of each month such payment is due. TPX shall have the right to prepay all or any portion of the settlement payment at any time, without penalty. The parties specifically agree that the consideration paid in accordance with this Agreement is

good and sufficient consideration for this Agreement. In the event there is an increase or reduction to the total amount to be paid by TPX under this paragraph, the following shall apply:

a. The first six monthly payments shall not change (representing a total of $19,200.00).

b. In the event of a reduction of the amount due under this paragraph, the number of payments needed to satisfy this new amount shall be reduced accordingly, but the amount of each monthly payment shall not change.

c. In the event of an increase in the amount due under this paragraph, this new amount due (less $19,200.00 for the first six payments) shall be divided by the number of months remaining (less the first six months) under this Agreement and a new monthly payment shall be computed.

It is expressly agreed by the Parties that acceptance by Francois of any payment less than full and timely payment shall not constitute or be deemed a waiver of the right of Francois to receive such full and timely payments in the future nor a waiver of the right of Francois to recover outstanding payments at a later date. Any waiver by Francois of any of the contractual obligations owed to Francois under this agreement shall not at any time thereafter constitute or be considered a waiver of any of the terms or conditions of this agreement, except as otherwise expressly waived by Francois in writing.

       3. <u>Judgment</u>. In further consideration of Francois' release of TPX as set forth in paragraph 5 below, TPX stipulates to entry of the Judgment attached hereto as **Exhibit A**. Said Judgment shall be submitted to the United States District Court for the Eastern District of California for entry upon execution of the Agreement. As long as TPX is not in default of paragraph 2 above, or of any other provision of this Agreement, Francois shall not execute on the Judgment. In the event of any default under the Agreement, Francois shall be entitled to execute on the Judgment and commence collection efforts/proceedings pursuant to the terms of the Judgment and applicable law of the entire amount set forth in paragraph 2.

       4. <u>Sale of the Aircraft by TPX</u>. In further consideration of Francois' release of TPX as set forth in paragraph 5 below, TPX shall be required to purchase the Aircraft from Francois after twenty (20) months of the execution of this Agreement unless the Aircraft is sold to a third-party buyer prior to the end of the twenty (20) month period. TPX shall purchase the Aircraft for $93,000.00. In the event the Aircraft is sold to a third-party within the twenty-month period following the execution of this Agreement, the following shall apply:

a. If the Aircraft is sold for more than $93,000.00, the difference between the sale price and $93,000.00 shall be divided equally and one half paid to Francois and the other half credited towards TPX's payment obligations set forth in paragraph 2 above.

b. If the Aircraft is sold for less than $93,000.00, the difference between the sale price and $93,000.00 shall be paid by TPX to Francois. TPX has the option of

including that amount to the total amount due under paragraph 2 and the remaining monthly payments shall be adjusted as set forth in paragraph 2.

c. Prior to the sale of the Aircraft, title shall be transferred from Francois to TPX such that TPX is the seller of the Aircraft to the third-party buyer.

TPX shall make all commercially reasonable and diligent efforts to aggressively market the Aircraft, including paid advertising on "Trade a Plane" or "Barnstormers", until the Aircraft is sold or the twenty-month period described in this paragraph expires (and TPX becomes obligated to purchase the Aircraft).

Upon sale of the Aircraft, TPX shall provide a writing to Francois, in form and substance, satisfactory to Francois, stating that the original purchase by Francois is rescinded.

During the twenty-month period described in this paragraph, Francois has the option to contract with another broker who may sell the Aircraft. Should another broker sell the Aircraft below a price of $93,000.00, and after subtracting all associated sales costs, TPX shall be responsible for the difference between the sale price and the original purchase price of $93,000.00. TPX has the option to pay that amount or include that amount in the total in paragraph 2 and the monthly payments shall be adjusted as set forth in paragraph 2.

In lieu of being required to purchase the Aircraft at the end of the twenty-month period described in this paragraph, TPX shall have the option of paying Francois $18,000.00 within three (3) months of executing this agreement. Should TPX exercise this option within three (3) months of executing this Agreement, Francois shall remain the owner of the Aircraft. Furthermore, if TPX exercises this option within the time specified herein, the total amount due Francois under Paragraph 2 shall be reduced by $9,000.00. TPX's obligation to market the Aircraft at that point becomes indefinite until the Aircraft is sold or Francois instructs TPX to cease marketing the Aircraft.

5. <u>Mutual General Releases by the Parties</u>. TPX, Francois and Vincent hereby fully and finally release and discharge each other, and each other's respective past, present and future directors, officers, employees, stockholders, sureties, partners, representatives, agents, attorneys, successors and assigns, and each of their respective predecessors, successors and assigns, from any and all claims, demands, actions, causes of action, rights, remedies, penalties, liens, stop notices and stop notice rights, obligations, costs, expenses, damages, attorneys' fees, experts' and consultants' fees, losses and liabilities, of any kind or nature, whenever or however derived, known or unknown, foreseen or unforeseen, suspected or unsuspected, past, present or future ("Claims"), in any way arising out of or relating to the Lawsuit and the Bankruptcy Action, EXCEPT, HOWEVER, this release provision does not extend to, encompass, release, discharge, impair or otherwise adversely affect any Claims arising out of or relating to any breach of any of the terms, covenants, representations, warranties or provisions created by this Agreement or the Judgment.

6. <u>Unknown Claims</u>. The Parties acknowledge that this Agreement applies to all known or unknown, foreseen or unforeseen, injury or damage arising out of or pertaining to their relationship, the Aircraft, the Bankruptcy Action and the claims alleged in the Lawsuit, and

expressly waive any benefit they may have under Section 1542 of the California Civil Code, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Parties understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if the Parties should eventually suffer injury arising out of or pertaining to the claims alleged in the Lawsuit, the Parties will be unable to make any claim for those injuries. Furthermore, the Parties acknowledge that they consciously intend these consequences even as to claims for injuries that may exist as of the date of the Agreement but which the Parties do not know exist and which, if known, would materially affect the Parties' decision to execute this Agreement, regardless of whether the Parties' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

7. <u>Non-disparagement</u>. The Parties agree not to disparage each other in any manner harmful to his/its/their business or personal reputation.

8. <u>Ownership of Claims</u>. The Parties represent that each owns all claims, rights, and causes of action released herein, and that each has not voluntarily or involuntarily transferred or assigned any such claim, right or cause of action.

9. <u>No Other Suits.</u> The Parties each represent that neither party has filed any complaints, claims, or actions against the other party with any state, local, or federal agency or court (other than the Lawsuit and in the Bankruptcy Action) and that neither party will do so at any time hereafter as to the subject matter related to the Lawsuit, except as is necessary to enforce this Agreement or the Judgment set forth herein.

10. <u>Representation by Attorney</u>. The Parties acknowledge that each has carefully read this Agreement; that the Parties understand its final and binding effect; that the Parties have been given the opportunity to be represented by independent counsel in negotiating and executing this Agreement and that the Parties have either chosen to be represented by counsel or have voluntarily declined such representation; and that the Parties understand the provisions of this Agreement and knowingly and voluntarily agree to be bound by them.

11. <u>No Reliance Upon Representations</u>. The Parties hereby represent and acknowledge that in executing this Agreement, neither party relies nor has relied upon any representation or statement made by the other party or by any of either party's past or present officers, directors, employees, agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

12. <u>Attorney's Fees and Costs</u>. Each party shall bear its own costs and attorney's fees incurred in connection with the Lawsuit, the Bankruptcy Action, and in the negotiations of this Agreement. Should any action be instituted to enforce any provision of this Agreement or the

Judgment, the prevailing party shall be entitled to recover its costs and reasonable attorney's fees.

13.  Entire Agreement.  This Agreement shall contain the entire agreement between the parties, and it shall not be modified except in writing signed by the party to be bound.

14.  Severability.  If a court of competent jurisdiction finds any provision of this Agreement invalid or unenforceable as applied to any circumstance, the remainder of this Agreement and the application of such provision shall be interpreted so as best to effect the intent of the Parties.  The Parties further agree to replace any such void or unenforceable provision of this Agreement with a valid and enforceable provision that will achieve, to the extent possible, the economic, business, or other purposes of the void or unenforceable provision.

15.  Counterpart Originals.  This Agreement may be signed in counterparts.

16.  Governing Law.  This Agreement shall be governed by the laws of the State of California.

17.  Recitals.  The Recitals are hereby incorporated into this Agreement by this reference and made expressly a part hereof.

18.  Further Acts.  The Parties agree to perform any further acts and execute and deliver any further documents that may reasonably be necessary to carry out the provisions of this Agreement.

19.  Authority.  Each person whose signature is affixed below hereby warrants and represents that he/she is legally authorized and empowered to execute this Agreement on behalf of the designated entity, and thereby bind the designated entity.

Date: 22 January 2016     Paul Francois, an individual

_____
Paul Francois

Date: _____   The Plane Exchange, Inc.

By: _____
Craig Vincent
President

761523.3                          5

Judgment, the prevailing party shall be entitled to recover its costs and reasonable attorney's fees.

13.  <u>Entire Agreement</u>.  This Agreement shall contain the entire agreement between the parties, and it shall not be modified except in writing signed by the party to be bound.

14.  <u>Severability</u>.  If a court of competent jurisdiction finds any provision of this Agreement invalid or unenforceable as applied to any circumstance, the remainder of this Agreement and the application of such provision shall be interpreted so as best to effect the intent of the Parties.  The Parties further agree to replace any such void or unenforceable provision of this Agreement with a valid and enforceable provision that will achieve, to the extent possible, the economic, business, or other purposes of the void or unenforceable provision.

15.  <u>Counterpart Originals</u>.  This Agreement may be signed in counterparts.

16.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California.

17.  <u>Recitals</u>.  The Recitals are hereby incorporated into this Agreement by this reference and made expressly a part hereof.

18.  <u>Further Acts.</u>  The Parties agree to perform any further acts and execute and deliver any further documents that may reasonably be necessary to carry out the provisions of this Agreement.

19.  <u>Authority.</u>  Each person whose signature is affixed below hereby warrants and represents that he/she is legally authorized and empowered to execute this Agreement on behalf of the designated entity, and thereby bind the designated entity.

Date:_____          Paul Francois, an individual

                                      _____
                                      Paul Francois

Date: 1/22/16                         The Plane Exchange, Inc.

                                      _[signature]_

                                      By: _____
                                          Craig Vincent
                                          President

761523.3                              5

Date: 1/22/16            Craig Vincent, an individual

_____
Craig Vincent

# **EXHIBIT A**

# **JUDGMENT**

**BOUTIN JONES INC.**
Michael E. Chase, SBN 214506
Bashar S. Ahmad, SBN 258619
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
Telephone: (916) 321-4444
Facsimile: (916) 441-7597

Attorneys for Paul Francois

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PLANE EXCHANGE, INC.,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PAUL FRANCOIS, a natural person,<br><br>                    Defendant. | Case No.: 2:14-cv-00784-WBS-KJN<br><br>**JUDGMENT**<br><br><br><br>**Trial Date: March 15, 2016**<br>**Date Action Filed:  March 26, 2014** |
| And Related Counterclaims | |
| PAUL FRANCOIS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CRAIG VINCENT,<br><br>                    Defendant. | Case No.: 2:14-cv-01517-WBS-KJN |

JUDGMENT

761666.1

Pursuant to the agreement of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered against Plaintiff and Counterdefendant The Plane Exchange, Inc. ("TPX") and in favor of Defendant and Counterclaimant Paul Francois ("Francois") in the sum of $109,000.00. This amount shall be payable to Francois pursuant to the payment schedule set forth in paragraph 2 of the Settlement Agreement and Mutual General Release ("Agreement"), a copy of which is attached hereto as Exhibit A.

As long as TPX is not in default of the Agreement, including but not limited to its obligations under paragraphs 2 and 4 of the Agreement, Francois shall not collect on this Judgment. If and when TPX is in default of any provision of the Agreement, the entire amount of the Judgment is immediately due and payable and Francois may proceed to collect on the Judgment. Francois' other rights under the Agreement are preserved and Francois may proceed to enforce those rights as well.

**IT IS SO ORDERED**

Dated: _____     _____

                                                              Judge of United States District Court